IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DORDLY BAPTISTE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 09-00546-WS-N |
| CO ANDERSON, et al., | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The plaintiff, Dordly Baptiste, filed a "prisoner complaint" pursuant to 42 U.S.C. § 1983 on August 24, 2009 (doc. 1). On August 27, 2009, the Court directed plaintiff to complete and file his complaint on the Court's form for a complaint under 42 U.S.C. § 1983 and to either pay the $350.00 filing fee or, in lieu thereof, to file this Court's motion to proceed without prepayment of fees. Plaintiff was given a deadline of September 25, 2009. *See*, Doc. 2. Plaintiff's complaint was filed on the proper form on September 11, 2009 (doc. 4). Plaintiff also filed a new motion to proceed without prepayment of fees (doc. 5) but the motion was denied on September 17, 2009 (doc. 6) for failure to attach the statutorily required institutional record of his inmate account reflecting all the transactions in the account for the six-month period preceding the filing of his initial complaint on August 24, 2009. Plaintiff was, however, granted leave to re-file his motion to proceed without prepayment of fees or, in lieu thereof, pay the $350.00 filing fee by October 19, 2009. *See*, Doc. 6.

Plaintiff filed another motion to proceed without prepayment of fees on September

28, 2009 (doc. 12) which suffered from the same defect as the prior motion, namely the failure to attach the statutorily required institutional record of plaintiff's prison account. Consequently, this motion was denied for that reason on September 30, 2009, and plaintiff was again given the opportunity to re-file a complete motion or pay the filing fee by October 19, 2009 (doc. 14).

On October 13, 2009, plaintiff filed a similar motion to proceed without prepayment of fees (doc. 18) but accompanied this motion with a motion for a subpoena duces tecum to obtain his institutional accounts from every institution in which he had been incarcerated (doc. 15).[1] The motion for a subpoena was denied as moot inasmuch as the Court obtained a copy of plaintiff's account from the institution where he was presently housed and plaintiff was ordered to pay a partial filing fee of $6.77 by no later than November 12, 2009 (doc. 19).

On October 29, 2009, plaintiff requested (doc. 21) an extension of time to December 14, 2009, within which to comply with the Court's order by paying the $6.77 partial filing fee. This extension was granted on October 30, 2009 (doc. 22). On November 23, 2009 (doc. 23), plaintiff requested a further extension of time to and including January 14, 2010 to pay the required $6.77 partial filing fee. This request was granted on December 22, 2009 (doc. 24).

In each of the above described orders, plaintiff was warned that failure to comply

---

[1]Plaintiff sought to obtain his records from five different institutions, four State facilities located in New York, Louisiana and Alabama, and only one a federal facility in New York. Although plaintiff supplied the addresses of these institutions, he did not provide any dates related to his various incarcerations.

would result in a recommendation that the action be dismissed for failure to prosecute and to obey the orders of the Court. In the last order, the Court set out this warning:

> Plaintiff is hereby "**strongly cautioned**" that his **FAILURE TO TIMELY COMPLY WITH THIS ORDER WHICH PROVIDES HIM WITH ONE FINAL OPPORTUNITY TO PAY HIS $6.77 FILING FEE "WILL" RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE AND TO OBEY THE ORDERS OF THIS COURT.**

Doc. 24 at 2 (emphasis in original). This final Order dated December 22, 2009 (doc. 24) was returned by the U.S. Postal Service marked "Return to Sender - Not in Facility" (doc.25). Plaintiff has to this date not supplied the Court with a forwarding address as required by the rules of this Court.

For the above stated reasons, it is recommended that this action be dismissed without prejudice for failure to comply with the Court's orders to prosecute this action by paying the required filing fee and keeping the Court informed of his present address. Such a dismissal is authorized by the Court's "inherent powers." Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962)("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Zocarus v. Castro, 465 F.3d 479, 483 (11th Cir. 2006)(recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); Wilson v. Sargent, 313 F.3d 1315, 1331-32 & n. 7 (11th Cir. 2002)(holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see*

3

*generally* Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005)(discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 14(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

If plaintiff disputes the finding of failure to pay the partial filing fee and wants to proceed with litigation of his action, he shall set forth in an objection to the report and recommendation the reason for his failure comply with the Court's order and to pay the filing fee. Wilson, 414 F.3d at 1320 (citing to Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000)(finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee).

The Clerk is **DIRECTED** to serve a copy of this order on the plaintiff by mail to the last known address provided by the plaintiff.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**Done** this 29th day of January, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  <u>Failure to do so will bar a de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc)</u>.  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

2.

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recomme<u>ndation should be reviewed de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   **Done** this 29th day of January, 2010.

                    /s/ Katherine P. Nelson
                    **UNITED STATES MAGISTRATE JUDGE**